UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDY RICHTHOFEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-5701** |
| **N. BURL CAIN, WARDEN** | **SECTION "T" (6)** |

## ORDER & REASONS

Before the Court is a Report and Recommendation by Magistrate Judge Sally Shushan recommending that this action be dismissed. Rec. Doc. 12. An Objection to the Magistrate Judge's Report and Recommendation was filed by Petitioner, Randy Richthofen. Rec. Doc. 13. The Court, having considered the complaint, the record, and the applicable law, hereby approves the Report and Recommendation of the Magistrate Judge and adopts it as its opinion in this matter.

## I. BACKGROUND

Petitioner, Randy Richthofen (Richthofen), is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On March 17, 2000, he was convicted of second degree murder in violation of La.Rev.Stat.Ann. § 14:30.1. On March 27, 2000, he was sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence. On November 27, 2001, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence. He then filed with the Louisiana Supreme Court a *writ* application which was denied on January 31, 2003. On February 2, 2004, petitioner filed with the state district court an application for post-conviction relief. That application was denied, in part, on April 27, 2004, and the remaining claims were denied on June 14, 2004. On July 23, 2004, the Louisiana Fifth Circuit Court of Appeal found "no error" with respect to those rulings, and the Louisiana Supreme Court denied a related *writ* application on June 17, 2005. On August 10, 2005, petitioner filed a federal application for *habeas corpus* relief. Magistrate Shushan recommended this Court deny Richthofen *habeas* relief and timely objections

followed. The Court addresses below the issues raised in Richthofen's Objection.

## II.   LAW AND ANALYSIS

### A. Standard of Review for Evidentiary Hearing

The first objection raised by petitioner concerns the standard of review applied by the Magistrate Judge in determining whether or not an evidentiary hearing should be granted on one or more of his *habeas corpus* claims. Although petitioner acknowledges that under federal law deference to state court findings will be given and no evidentiary hearing shall be granted when an applicant has failed to develop the factual basis of a claim in State court proceedings,[1] he claims that this deference is inapplicable where "a state court makes an evidentiary findings (sic) without holding a hearing and giving Petitioner an opportunity to present evidence." Petitioner basically alleges that any failure to develop the factual basis for his claims rests upon the trial court and not him.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states in pertinent part:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> 1. (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by

---

[1] 28 U.S.C. § 2254(e)(2).

2

> clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). The Fifth Circuit has dealt directly with the issue raised by Petitioner. *Clark v. Johnson*, 202 F.3d 760, 765 (5th Cir. 2000). There, the court held that the exceptions in section 2254(e)(2) "apply only where the failure to develop the factual basis is directly attributable to a decision or omission of the petitioner." *Id.* (citing *McDonald v. Johnson*, 139 F.3d 1056, 1059 (5th Cir. 1989)). The court noted, however that in *McDonald*, the holding was limited because "overcoming the preclusive effect of § 2254(e)(2) does not *guarantee* an evidentiary hearing, it only opens the door for one." *Id.* (citing *McDonald*, 139 F.3d at 1059-60). The court explained that, "[p]ursuant to Rule 8 of the Rules Governing § 2254 Cases, the district court retains discretion over the decision to grant an evidentiary hearing once a petitioner overcomes the barriers presented by § 2254(e)(2)." *Id.* (citing *McDonald*, 139 F.3d at 1060). In order to prove the abuse of discretion standard applicable to a district court's ruling, a petitioner has to show that "the state did not provide him with a full and fair hearing" and that "if proven true, his allegations would entitle him to relief." *Id.* at 766.

Richthofen claims the Magistrate's denial of an evidentiary hearing was error because the state court made "evidentiary findings without holding a hearing and giving Petitioner an opportunity to present evidence." In his objection, Petitioner fails to mention specifically what "evidentiary findings" should have been presented in an evidentiary hearing; for this reason, this Court will address any evidentiary issues raised in his *habeas* application.

Petitioner first argued that the trial judge erred in allowing twenty-four photographs of the victim taken prior to the incident to be shown at trial. The Magistrate Judge found that the Petitioner

3

failed to establish that the photographs were improperly admitted, and that even if they were improperly admitted, their admission "did not play a crucial, critical, and highly significant role in his conviction." An evidentiary hearing on this issue would not have provided Petitioner any relief. According to Magistrate Judge's Report and Recommendation, the trial judge examined the photographs and excluded those which were irrelevant. Therefore, the Court finds that the Petitioner failed to provide any proof that he was denied a "full and fair hearing" and that "if proven true, his allegations would entitle him to relief" because the photographs were admitted by the trial judge.

The other evidentiary claims were those involving hearsay statements and irrelevant, inflammatory evidence involving Petitioner's prior unrelated conviction for battery of a child. The Magistrate Judge denied post-conviction relief for these claims, relying on the state district court's ruling that these claims were barred on procedural grounds. As discussed in further detail below, the Court agrees with the Magistrate Judge that these claims are procedurally barred, and therefore no post-conviction relief may be granted. That being the case, Petitioner has not offered any other proof that the trial court failed to develop the factual basis for his claims under the AEDPA. As such, the Court adopts Magistrate Judge Shushan's denial of an evidentiary hearing.

### B. Procedural Bar to Post-Conviction Relief

As discussed above, Petitioner alleges that certain evidence, including hearsay statements and other inflammatory evidence, were wrongfully admitted at trial. These claims were denied by the state district court because Petitioner failed to appeal them, and therefore Louisiana law denies post-conviction relief. Magistrate Judge Shushan, with the necessary deference, agreed that Petitioner's claims were barred. In his *habeas* application, Petitioner claimed that the procedural rule

should not be applied in his case because it has not been consistently applied in Louisiana courts. The Magistrate Judge rejected his claim and found the rule to be adequate.

As the Magistrate explained, "[t]he [procedural bar] doctrine presumes that a state procedural ground is adequate... and, ordinarily, the burden is on the habeas petitioner to demonstrate otherwise." *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999). In order to establish that a state procedural rule is not "adequate," a petitioner bears the burden of showing that the state did not strictly or regularly follow the procedural rule. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Magistrate Shushan held that, "[h]ere, petitioner clearly has not met his burden, in that he makes no attempt whatsoever to establish that the rule was not strictly or regularly followed." In his objection, Petitioner addresses this ruling and attempts to provide evidence that the rule was not regularly followed.

Petitioner's objection is without merit. As stated above, Petitioner has the burden of proving that the rule was not strictly or regularly followed. Furthermore, in *Stokes* the court held that, "the petitioner must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Stokes*, 123 F.3d at 860. In an attempt to meet this burden, Petitioner states in his objection:

> [i]n the instant case, this Inmate Counsel Substitute has filed at least a hundred Post Conviction Relief applications where there were never any procedural grounds raised under the guise of La. C.Cr.P. art. 930.4. This can easily be supported by reviewing the number of state writs that have been filed into the Federal District Courts and comparing the number of writs with procedural objections were raised by the State.

Petitioner attempts to support his claim that the procedural rule is not strictly enforced by claiming that because in other cases it has not been used to bar claims and therefore, the rule is not

5

consistently used by the courts. This negative inference is not sufficient to meet Petitioner's standard of proof. As stated above, his burden is to show that the state has failed to apply the rule "to claims identical or similar" to his own. Further, Magistrate Shushan provided cases where the procedural rule was utilized. For these reasons, the Court finds that Petitioner has failed to prove that the rule in question, which bars claims on the evidentiary issues that Petitioner failed to raise on appeal, is inadequate. As such, the Court agrees with Magistrate Judge Shushan and denies *habeas* relief on these claims.

After reviewing the Report and Recommendation of the Magistrate Judge and the objections of the Petitioner, and for the reasons stated herein, the Court hereby adopts the Report and Recommendation of the Magistrate Judge as its opinion in this matter.

Accordingly,

**IT IS ORDERED** that the petition of Randy Richthofen for issuance of a writ of *habeas corpus* upon 28 U.S.C. §2254, is hereby **DENIED WITH PREJUDICE.**

New Orleans, Louisiana this 7th day of March, 2008.

G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE